BENJAMIN B. WAGNER
United States Attorney
MATTHEW G. MORRIS
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

FILED
JAN 08 2015
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ______ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

STEEL A. DAVIS,

Defendant.

CASE NO. 2:15-cr-0005 TLN

18 U.S.C. § 1343 – Wire Fraud (8 Counts);
18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture

# INDICTMENT

COUNTS ONE THROUGH EIGHT: [18 U.S.C. § 1343 – Wire Fraud]

The Grand Jury charges:

STEEL A. DAVIS,

defendant herein, as follows:

## I. THE SCHEME TO DEFRAUD

1. From on or about March 4, 2008, to on or about January 27, 2011, in the State and Eastern District of California, defendant STEEL A. DAVIS, and others known and unknown to the Grand Jury, knowingly devised, intended to devise, and participated in a material scheme and artifice to defraud and to obtain money by materially false and fraudulent pretenses, representations, and promises.

2. The purpose of the scheme and artifice devised by defendant STEEL A. DAVIS was to induce Document and Packaging Brokers, Inc. ("DOCUPAK") to send money to defendant STEEL A.

DAVIS's co-schemers based on materially false and fraudulent representations that the co-schemers had referred individuals to enlist in the California National Guard. The co-schemers then divided the proceeds of the fraud with defendant STEEL A. DAVIS.

## II. WAYS AND MEANS

Defendant STEEL A. DAVIS, and others known and unknown to the Grand Jury, perpetrated the scheme to defraud using, among others, the following ways and means:

3. From on or about March 4, 2008, to on or about January 27, 2011, co-schemer S.N., who has been charged elsewhere, was a member of the California National Guard.

4. From on or about November 10, 2008, to on or about August 9, 2010, co-schemer B.K., who has been charged elsewhere, was a member of the California National Guard.

5. At all times relevant to the events described herein, defendant STEEL A. DAVIS was a recruiter for the California National Guard.

6. At all times relevant to the events described herein, DOCUPAK administered a program called the Guard Recruiting Assistance Program ("G-RAP").

7. Under the terms of the G-RAP, members of the California National Guard were eligible to serve as Recruiting Assistants ("RAs"). RAs were not assigned the primary duty of recruiting new members into the California National Guard, but agreed to serve as RAs above and beyond their normal California National Guard duties.

8. As part of G-RAP, when an RA referred new potential members of the California National Guard to a recruiting office and the candidate joined the California National Guard, the RA was eligible to receive compensation. An RA received bonuses ranging from $1,000 for a recruit who went to a recruiting office and signed a commitment to join the Guard, $1,000 for a recruit who departed for basic training, $2,000 for a recruit with prior military experience, and $7,500 for certain officer accessions. Recruiters such as defendant STEEL A. DAVIS were ineligible to participate in the G-RAP bonus program.

9. RAs used a computerized system administered by DOCUPAK to apply for the compensation and make notes about their involvement in the recruiting process.

10. Defendant STEEL A. DAVIS instructed S.N. and B.K., who were RAs in the G-RAP

system and who had access to the computer system used to document the activities of RAs, to enter into the G-RAP computer system information for recruits that defendant STEEL A. DAVIS had in fact recruited, claim that they had referred the recruits, receive the referral bonus, and share half of the bonus with defendant STEEL A. DAVIS.

11. From on or about April 4, 2008, to on or about January 27, 2011, co-schemer S.N. and defendant STEEL A. DAVIS, through the use of the G-RAP computer system, falsely claimed that S.N. had referred approximately 12 individuals to the California National Guard when, in truth, none of those recruits had been referred to the California National Guard by S.N.

12. From on or about November 10, 2008, to on or about August 9, 2010, co-schemer B.K. and defendant STEEL A. DAVIS, through the use of the G-RAP computer system, falsely claimed that B.K. had referred approximately 8 individuals to the California National Guard when, in truth, none of those recruits had been referred to the California National Guard by B.K.

13. As a result of the false claims made by defendant STEEL A. DAVIS, S.N. and B.K., DOCUPAK wired money into S.N. and B.K.'s bank accounts.

14. After receiving the wired money from DOCUPAK, S.N. and B.K. divided the money with defendant STEEL A. DAVIS.

## III. WIRINGS

15. On or about the dates set forth below, in the State and Eastern District of California, for the purpose of executing the aforementioned material scheme and artifice to defraud, defendant STEEL A. DAVIS, did knowingly transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, signals and sounds, specifically:

| Count | Date | Writing, sign, signal, or sound |
|---|---|---|
| 1 | 2/16/2010 | $1,000 direct deposit for recruit A.A. from First Commercial Bank of Alabama in Birmingham, Alabama, to B.K.'s account at Butte Federal Credit Union in Biggs, California. |
| 2 | 4/20/2010 | $1,000 direct deposit for recruit A.J. from First Commercial Bank of Alabama in Birmingham, Alabama, to B.K.'s account at Butte Federal Credit Union in Biggs, California. |
| 3 | 4/22/2010 | $1,000 direct deposit for recruit J.B. from First Commercial Bank of Alabama in Birmingham, Alabama, to B.K.'s account at Butte Federal Credit Union in Biggs, California. |
| 4 | 7/15/2010 | $1,000 direct deposit for recruit A.A. from First Commercial Bank of Alabama in Birmingham, Alabama, to B.K.'s account at Butte Federal Credit Union in Biggs, California. |

| | | |
|---|---|---|
| 5 | 7/16/2010 | $1,000 direct deposit for recruit B.G. from First Commercial Bank of Alabama in Birmingham, Alabama, to S.N.'s account at Bank of America in Chico, California. |
| 6 | 8/20/2010 | $1,000 direct deposit for recruit K.W. from First Commercial Bank of Alabama in Birmingham, Alabama, to S.N.'s account at Bank of America in Chico, California. |
| 7 | 1/5/2011 | $1,000 direct deposit for recruit B.G. from First Commercial Bank of Alabama in Birmingham, Alabama, to S.N.'s account at Bank of America in Chico, California. |
| 8 | 1/27/2011 | $1,000 direct deposit for recruit K.W. from First Commercial Bank of Alabama in Birmingham, Alabama, to S.N.'s account at Bank of America in Chico, California. |

In violation of Title 18, United States Code, Sections 2 and 1343.

FORFEITURE ALLEGATION: [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture]

Upon conviction of one or more of the offenses alleged in Counts One through Eight of this Indictment, defendant STEEL A. DAVIS, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, which constitutes or is derived from proceeds traceable to such violations, including but not limited to a sum of money equal to the amount of proceeds traceable to such offenses, for which defendant is convicted.

1. If any property subject to forfeiture, as a result of the offenses alleged in Counts One through Eight of this Indictment, for which defendant is convicted:

a) cannot be located upon the exercise of due diligence;

b) has been transferred or sold to, or deposited with, a third party;

c) has been placed beyond the jurisdiction of the court;

d) has been substantially diminished in value; or

e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to

///

///

///

///

seek forfeiture of any other property of said defendant, up to the value of the property subject to forfeiture.

A TRUE BILL.

/s/ Signature on file w/AUSA

FOREPERSON

BENJAMIN B. WAGNER
United States Attorney

*No.* __________

## UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

THE UNITED STATES OF AMERICA

*vs.*

STEEL A. DAVIS

I N D I C T M E N T

**VIOLATION(S):** 18 U.S.C. § 1343 – Wire Fraud (8 Counts);
18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) - Criminal Forfeiture

*A true bill,* /s/ Signature on file w/AUSA

*Foreman.*

*Filed in open court this* 8 *day*

*of* January, *A.D. 20*15

*Clerk.*

*Bail, $* WARRANT: NO BAIL PENDING HEARING

GPO 863 525

# PENALTY SLIP

DEFENDANT: **STEELE A. DAVIS**

**COUNTS ONE THROUGH EIGHT**

VIOLATION: 18 U.S.C. § 1343 – Wire Fraud

PENALTY: Not more than 30 years Imprisonment, and
Not more than $1,000,000.00 Fine or Both
5 years TSR

FORFEITURE ALLEGATION:

As stated in the indictment.