IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>STEEL DAVIS,<br>Defendant. | CASE NO. 2:15-CR-5-TLN<br>DECLARATION OF MATTHEW G. MORRIS |

Exhibit F

**LAW OFFICE OF MICHAEL D. LONG**
**901 Ninth Street, Suite 301**
**Sacramento, California 95814**
**Tel: (916) 201-4188/Fax: (916) 442-8299**
**Mike.Long.Law@msn.com**

November 27, 2016

MATT MORRIS
Assistant United States Attorney
501 I Street
Sacramento, California 95814

Re: United States v. STEEL DAVIS
Case No. Cr. S-15-5 TLN

**Third Discovery Request**
**Jury trial set for January 9, 2017**

Dear Mr. Morris:

This discovery request letter follows earlier discovery letters dated February 5, 2016, and March 15, 2016, with the latter letter adding request (27) that you inform the defense of your intention to call any expert witnesses at the jury trial of Steel Davis.

Thank you for the recent "early Jencks" discovery, which brings the total pages provided to me thus far up to page 875. The new discovery included "GRAP RA Overview" for Sarah Nattress and Jason Hair, but not for Brian Kaps or for David R. Laubach or for Sgt. William Davis (such records may not exist for Sgt. William Davis).

The discovery requests concerning Sgt. William Davis is important because he was in charge of recruiting at the Chico armory from 2006 through 2009 and his rank and last name were both identical to my client's rank and last name, and Sgt. Davis and Sgt. Davis had desks adjacent to one another while performing their recruiting work. I need to determine how many of Sgt. William Davis's recruits were fraudulent as well as if the "GRAP fraud" recruits at issue in case 15-5 TLN were attributable to Sgt. William Davis as opposed to Sgt. Steel Davis. I am aware that for many years the government has been investigating Sgt. William Davis for GRAP fraud.

The discovery requests concerning Recruiting Assistants (RA) David R. Laubach, Sarah Nattress and Brian Kaps is that they all worked with Sgt. William Davis as well as Sgt. Steel Davis.

In this letter, the previously made discovery requests are (1) through (27). **I have put a previously made request in bold if I believe the defense has not been provided with all of that information thus far**. **The new requests are in bold and start at (28) and go through (35).**

My client, Steel Davis, and I will be ready to commence our January 9, 2017, jury trial if we have the following discovery provided to us by December 15, 2016.

Pursuant to Federal Rule of Criminal Procedure 12(d)(2), 16(a) and 26.2, Brady v. Maryland, 373 U.S. 83 (1963), Local Rule 16-440 and all other applicable rules and statutes, I am writing to request

discovery of the following discovery materials on behalf of my client in the above-captioned case.

(1) All GRAP and Docupak records for all California National Guard (CANG) recruits ever signed up by, or referred by, (a) Sgt William Davis, (b) SPC Jason Hair, (c) RA Sarah Nattress and (d) Brian Kaps from January 1, 2006 through December 31, 2011.

(2) **All enlistments, even if not through GRAP or Docupak, for all (CANG) recruits ever signed up by, or referred by, (a) Sgt William Davis**, (b) SPC Jason Hair, (c) RA Sarah Nattress and (d) RA Brian Kaps from January 1, 2006 through December 31, 2011.

REQUEST (2) WILL SHOW IF SGT. WILLIAM DAVIS EVER RECRUITED ANY PEOPLE WHO WERE NOT PROCESSED THROUGH GRAP.

(3) All records of any money paid via Docupak to (a) Sgt William Davis, (b) SPC Jason Hair, (c) RA Sarah Nattress and (d) Brian Kaps from January 1, 2006 through December 31, 2011.

(4) The Recruiter Station Identification ("RSID") numbers / codes assigned to Sgt. Williams Davis and Sgt. Steel Davis.

(5) **All military service records, including "DD-214", promotions, awards, commendations and honorable or dishonorable discharge records for Steel Davis, William Davis, Sarah Nattress, Jason Hair, Brian Kaps and any and all military witnesses the Government intends to call as witnesses at jury trial**.

THE RECORDS IN REQUEST (5) GO TO THE CREDIBILITY OF WITNESSES.

(6) **All military discipline records for Steel Davis, William Davis, Sarah Nattress, Jason Hair, Brian Kaps and any and all military witnesses the Government intends to call as witnesses at jury trial**.

SGT. WILLIAM DAVIS WAS FIRED FOR MISCONDUCT. WE NEED DOCUMENTATION OF WHEN & WHY SGT. WILLIAM DAVIS WAS FIRED FOR MISCONDUCT.

(7) <u>The Defendant's Statements</u> Under Federal Rule of Criminal Procedure 16(a)(1)(A), the defendant is entitled to disclosure of <u>all</u> copies of any written or recorded statements made by the defendant; the substance of any statement made by the defendant which the government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of any government agent; any response to any <u>Miranda</u> warnings which may have been given to the defendant; and any other statements by the defendant that are discoverable under Federal Rule of Criminal Procedure 16(a)(1)(A).

(8) <u>Arrest Reports, Notes and Dispatch Tapes</u> The defendant also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning be turned over. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Federal Rule of Criminal Procedure 16(a)(1)(A) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).Arrest reports, investigator's notes, memos from arresting officers,

dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Federal Rule of Criminal Procedure 16(a)(1)(B) and (C), Federal Rule of Criminal Procedure 26.2 and 12(I). Preservation of rough notes is specifically requested, whether or not the government deems them discoverable at this time.

(9) Reports of Scientific Tests and Examinations Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(D), defendant requests the reports of all tests and examinations conducted upon the evidence in this case, including but not limited to any fingerprint analysis, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the government, and which are material to the preparation of the defense or which are intended for use by the government as evidence-in-chief at trial.

(10) The Defendant's Prior Record The defendant requests, under Federal Rule of Criminal Procedure16(a)(1)(B), that the government provide a copy of the defendant=s prior criminal record, if any, as within possession, custody or control of the government.

(11) Brady Material The defendant requests all documents, statements, agent's reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government′s case. Impeachment as well as exculpatory evidence falls within Brady′s definition of evidence favorable to the accused.

(12) Evidence Seized Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Federal Rule of Criminal Procedure 16(a)(1)(C) and is hereby requested.

(13) Request for Preservation of Evidence The defendant specifically requests that all videotapes, dispatch tapes, or any other physical evidence that may be destroyed, lost or otherwise put out of the possession, custody, or care of the government and which may relate to the arrest or the events leading to the arrest in this case be preserved.

(14) Tangible Objects The defendant requests, under Federal Rule of Criminal Procedure 16(a)(2)(C), the opportunity to inspect and copy as well as test, if necessary, all documents and tangible objects, including alleged contraband, photographs, books, papers, documents, buildings, automobiles, or places, or copies, depictions, or portions thereof which are material to the defense or intended for use in the government's case-in-chief, or were obtained for or belong to defendant.

(15) Information Regarding Informants and Cooperating Witnesses The defense requests that the government provide all relevant information concerning any informants or cooperating witnesses involved in this case. This information includes the identification of the names and locations of all informants utilized in the investigation of this case along with the disclosure of all information provided by the informants.

(16) Evidence of Bias or Motive to Lie The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.

(17) Impeachment Evidence The defendant requests any evidence that any prospective

government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant.

(18) Evidence of Criminal Investigation of Any Government Witness The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.

(19) Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling The defense requests nay evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness= ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.

(20) Names of Witnesses Favorable to the Defendant The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant.

(21) Statement Relevant to the Defense The defendant requests disclosure of any statement that may be Arelevant to any possible defense or contention@ that he may assert. This includes in particular any statements made by percipient witnesses.

(22) Jencks Act Material The defense requests all material to which defendant is entitled pursuant to *Jencks*, 18 U.S.C. '3500, and Federal Rule of Criminal Procedure 26.2. The defendant specifically requests pretrial production of these statements so that the court may avoid unnecessary recesses and delays for defense counsel to properly use any *Jencks* statements and prepare for cross-examination.

(23) *Giglio* Information Pursuant to Giglio v. U.S., 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for impeachment of any government witnesses.

(24) Government Examination of Law Enforcement Personnel Files The defendant requests that the government examine the personnel files and any other files within the custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers and agents who may have been controlling or contacting confidential informants in this case. The defendant requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under U.S. v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

(25) Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E), the defendant requests disclosure of the identities, qualifications, and testimony of any expert witnesses the government intends to call at trial.

(26) Pursuant to the provisions of Federal Rule of Evidence 404, defendant requests notice of any evidence the government intends to introduce at trial that falls within Rule 404(b).

(27) Expert witnesses: Please provide the defense with the names, qualifications/CVs and subject matters for any expert witnesses you intend to have testify for the prosecution at trial. Please provide any statements or reports that the experts have generated regarding this case. If the experts are relying on any study, report, treatise, article, or training material as a basis for any expert opinion or conclusion, please provide those materials to the defense.

(28) **The "GRAP RA Overview" for David R. Laubach, Brian Kaps and Sgt. William Davis, including the Docupak payments made for all of the recruits of Mr. David Laubach, Mr. Brian Kaps and Mr. William Davis.**.

(29) **Full military records for Sgt. William Davis and Sgt. Steel Davis (including the middle name of William Davis), for their service in both the active U.S. Army and California National Guard**.

(30) **The dates and times that Sgt. William Davis was working in the California National Guard and specifically working in the Chico Armory. New discovery page 729 states that "SPC Davis was discharged from the California Army National Guard effective 13 Oct 09." We need to find out when William Davis started working in the Chico Armory and the last date William Davis worked in the Chico Armory, as well as any documentation of the schedule William Davis had for the dates he was working in the Chico Armory**.

(31) **The dates and times that Sgt. Steel Davis was working in the California National Guard and specifically working in the Chico Armory. We need any documentation of the dates Sgt. Steel Davis was working in the Chico Armory**.

**(32) Please provide the recruiting file for Sarah Nattress becoming a member of the California Army National Guard, including any documentation of who her recruiters were. We are aware that Sgt. William Davis was Sarah Nattress's recruiter.**

**(33) The defense is aware that the United States Attorney's Office is investigating Sgt. William Davis for GRAP fraud. The United States Attorney's Office is aware that a major part of the defense of Sgt. Steel Davis is that he is being blamed for GRAP fraud that RA Sarah Nattress and RA Brian Kaps committed with Sgt. William Davis, as opposed to either of them committing the GRAP fraud with the defendant. The defense requests that the United States Attorney's Office provide the defense with the entire investigation of Sgt. William Davis, because that information would qualify as necessary to the trial defenses of this defendant under the <u>Brady v. Maryland</u> and <u>Giglio v. United States</u> cases. Providing the investigative reports concerning Sgt. William Davis now will avoid appellate and habeas corpus issues if Steel Davis is convicted by a jury in case 15-5 TLN.**

**(34) We need the most up-to-date contact information the United States government has**

**concerning the following special agents: (a) SA Kevin L. Pryer #____ (b) SA Sean de Haas #8057, (c) SA Michael D. Grogan #6809, (d) SA Daniel J. Wallace #7236. If the government plans on subpoenaing any or all of these special agents to the trial of Steel Davis, please do not release any of these witnesses without consulting with the defense concerning if the defense needs to call the witness(es) in the defense case.**

**(35)** **We need the most up-to-date contact information the United States government has concerning the following California Army National Guard recruits and recruiters (with discovery pages referenced): (a) Guiseppe J. Bertapelle** (p.733), (b) **Kurtis L. Brown** (p.741), (c) **Joshua Crockett** (p.744), (d) **Sgt. William Davis, (e) 1st Lt James Hicks** (p.745), (f) **David R. Laubach** (p730), (g) **Dennis McLaughlin** (p.746), (h) **Joseph Phillips, Jr.** (p.747), and (i) **SSG Douglas Shaw** (p.741).

It is requested the government provide undersigned defense counsel with any material which has been requested above which comes into your possession, knowledge, or control subsequent to the time that you provide us with initial discovery.

Finally, I request that your office produce all Jencks Act material on a rolling basis as you obtain it. Thank you for your assistance in this matter.

Respectfully yours,
Michael D. Long
Michael D. Long